FILED
CLERK, U.S. DISTRICT COURT
3/25/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____vv_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:25-CR-00200-MWF |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| JOSEPH NEAL SANBERG, | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. § 1349]

A.  INTRODUCTORY ALLEGATIONS

   1.   At times relevant to this Indictment:

        a.   Defendant JOSEPH NEAL SANBERG was a resident of Los Angeles and Orange, California, within the Central District of California.

        b.   Co-conspirator Ibrahim Ameen AlHusseini ("AlHusseini") was a resident of Los Angeles, California, and a citizen of the United States and Saudi Arabia.

c.  Company A was a private company that maintained its principal office in Los Angeles County, California, within the Central District of California.

d.  Investor Fund A was an investment fund that loaned investors' capital to high-net-worth borrowers, with its principal place of business in New York, New York.

e.  Investor Fund B was an investment fund that loaned investors' capital to high-net-worth borrowers, with its principal place of business in New York, New York.

f.  Investment Adviser 1 was a securities investment adviser that advised Investor Fund A and Investor Fund B, and maintained offices in New York, New York.

g.  Graphic Designer 1 was an individual living in Lebanon and an associate of co-conspirator AlHusseini.

B.  <u>OBJECT OF THE CONSPIRACY</u>

2.  From at least in or around January 2020 through at least in or around October 2024, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant SANBERG and co-conspirator AlHusseini, and others known and unknown to the Grand Jury, knowingly and intentionally conspired with each other to engage, and did engage, in wire fraud, in violation of Title 18, United States Code, Section 1343, namely, to induce Investor Fund A and Investor Fund B to issue two loans, for $55 million and $145 million, respectively, to defendant SANBERG through defendant SANBERG's closely held entity.

C.  <u>MANNER AND MEANS OF THE CONSPIRACY</u>

3.  The object of the conspiracy was to be carried out, and was carried out, in substance, as follows:

a.   Beginning no later than in or around January 2020 and continuing through at least March 2020, defendant SANBERG negotiated terms for a $55 million loan from Investor Fund A paid to defendant SANBERG through defendant SANBERG's closely held company.  Under the terms of the March 2020 loan, defendant SANBERG pledged approximately 10.3 million shares of Company A stock as collateral.

b.   To secure the March 2020 loan, defendant SANBERG recruited co-conspirator AlHusseini to enter a put option agreement with Investor Fund A to act as a financial guarantee on the $55 million loan from Investor Fund A.  The March 2020 put option agreement obligated co-conspirator AlHusseini to purchase the Company A stock from Investor Fund A if defendant SANBERG defaulted on the loan.  Accordingly, the March 2020 put option required co-conspirator AlHusseini to have sufficient liquid assets to pay $55 million for the shares of Company A stock in the event of defendant SANBERG's default.  The March 2020 put option agreement was a condition of the March 2020 loan.

c.   Beginning no later than in or around November 2021, defendant SANBERG refinanced the March 2020 loan.  Under the refinanced loan, Investor Fund B loaned $145 million to defendant SANBERG through defendant SANBERG's closely held company, and defendant SANBERG pledged the same approximately 10.3 million shares of Company A stock as collateral.

d.   As a condition of extending this November 2021 loan for $145 million to defendant SANBERG, Investor Fund B purchased a new put option from co-conspirator AlHusseini, in which co-conspirator AlHusseini was obligated to pay $65 million to Investor Fund B in the event that defendant SANBERG defaulted on the November

2021 loan. The terms of the November 2021 put option required co-conspirator AlHusseini to have sufficient liquid assets to pay $65 million to Investor Fund B in the event of defendant SANBERG's default.

        e.    Defendant SANBERG and co-conspirator AlHusseini conspired to have co-conspirator AlHusseini enter into the March 2020 and November 2021 put option agreements under false pretenses to induce Investor Fund A and Investor Fund B to loan millions of dollars to defendant SANBERG.

        f.    At relevant times, defendant SANBERG knew that co-conspirator AlHusseini did not have sufficient assets to cover the March 2020 and November 2021 put option agreement obligations to pay tens of millions of dollars to Investor Fund A and Investor Fund B if defendant SANBERG defaulted on the loans.

        g.    Defendant SANBERG and co-conspirator AlHusseini conspired to make materially false representations and provide falsified bank and brokerage records under false pretenses to Investment Adviser 1 regarding co-conspirator AlHusseini's net worth to induce Investor Fund A and Investor Fund B to enter into the March 2020 and November 2021 put option agreements with co-conspirator AlHusseini.

        h.    At relevant times, defendant SANBERG concealed from Investment Adviser 1 that co-conspirator AlHusseini did not have sufficient assets to cover the put option agreements, including by advising co-conspirator AlHusseini to make material misrepresentations and omissions to Investment Adviser 1 to secure the loans.

i. To maintain and conceal defendant SANBERG and co-conspirator AlHusseini's fraudulent scheme from Investor Fund A and Investor Fund B, defendant SANBERG and co-conspirator AlHusseini conspired to submit falsified brokerage statements to Investment Adviser 1 regularly between in or about March 2020 and in or about February 2023.

j. Defendant SANBERG and co-conspirator AlHusseini conspired to procure and direct Graphic Designer 1 to prepare falsified brokerage and bank statements that inflated co-conspirator AlHusseini's personal assets and net worth.

k. Defendant SANBERG and co-conspirator AlHusseini presented the falsified brokerage and bank statements that Graphic Designer 1 altered to Investment Adviser 1 to fraudulently induce Investor Fund A and Investor Fund B to loan millions of dollars to defendant SANBERG.

l. Defendant SANBERG and co-conspirator AlHusseini transmitted and caused to be transmitted, by means of wire communications in interstate and foreign commerce, the false and fraudulent statements and representations to induce Investor Fund A and Investor Fund B to loan millions of dollars to defendant SANBERG.

m. In or around November 2022, defendant SANBERG defaulted on the loan to Investor Fund B, and, to secure a forbearance, co-conspirator AlHusseini signed an amendment with Investor Fund B that raised the put option settlement price to $75 million.

n. Beginning in or around February 2020 and continuing until at least in or around October 2024, defendant SANBERG concealed

the conspiracy to defraud from Investment Adviser 1, Investor Fund A, and Investor Fund B.

D.   <u>OVERT ACTS</u>

4.   On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendant SANBERG, together with co-conspirator AlHusseini, and others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, within the Central District of California, and elsewhere:

<u>Overt Act No. 1</u>:   On February 23, 2020, defendant SANBERG counseled co-conspirator AlHusseini regarding the falsified statement balance that would be reflected on the falsified statements to be submitted to Investment Adviser 1.

<u>Overt Act No. 2</u>:   On March 16, 2020, defendant SANBERG executed a $55 million loan with Investor Fund A, and Investor Fund A simultaneously purchased a put option from co-conspirator AlHusseini.

<u>Overt Act No. 3</u>:   On October 10, 2020, defendant SANBERG sent an electronic communication containing a list of co-conspirator AlHusseini's assets that defendant SANBERG knew to be falsified and advised co-conspirator AlHusseini to send the falsified list to Investment Adviser 1.

<u>Overt Act No. 4</u>:   On November 4, 2021, to induce Investor Fund B to extend the November 2021 loan to defendant SANBERG, co-conspirator AlHusseini directed his agent to send an email to Investment Adviser 1, which contained a falsified brokerage account statement.

<u>Overt Act No. 5</u>:   On November 4, 2021, defendant SANBERG executed a new loan agreement with Investor Fund B for $145 million,

and Investor Fund B simultaneously purchased a put option from co-conspirator AlHusseini.

1                         FORFEITURE ALLEGATION
2              [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]
3        5.   Pursuant to Rule 32.2 of the Federal Rules of Criminal
4   Procedure, notice is hereby given that the United States of America
5   will seek forfeiture as part of any sentence, pursuant to Title 18,
6   United States Code, Section 981(a)(1)(C), and Title 28, United States
7   Code, Section 2461(c), in the event of the conviction of defendant
8   JOSEPH NEAL SANBERG of the offense set forth in this Indictment.
9        6.   The defendant, if so convicted, shall forfeit to the United
10  States of America the following:
11            a.   All right, title, and interest in any and all
12  property, real or personal, constituting, or derived from, any
13  proceeds traceable to the offense; and
14            b.   To the extent such property is not available for
15  forfeiture, a sum of money equal to the total value of the property
16  described in subparagraph (a).
17       7.   Pursuant to Title 21, United States Code, Section 853(p),
18  as incorporated by Title 28, United States Code, Section 2461(c), any
19  defendant, if so convicted, shall forfeit substitute property, up to
20  the value of the property described in the preceding paragraph if, as
21  the result of any act or omission of the defendant, the property
22  described in the preceding paragraph or any portion thereof
23  (a) cannot be located upon the exercise of due diligence; (b) has
24  been transferred, sold to, or deposited with a third party; (c) has
25  ///
26  ///
27
28

been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

BRETT A. SAGEL
Assistant United States Attorney
Chief, Corporate and Securities Fraud Strike Force

NISHA CHANDRAN
JENNA G. WILLIAMS
Assistant United States Attorneys
Corporate and Securities Fraud Strike Force

LORINDA I. LARYEA
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

THEODORE M. KNELLER
ADAM L.D. STEMPEL
Trial Attorneys, Fraud Section
Criminal Division
U.S. Department of Justice