BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
Chief, Corporate and Securities Fraud Strike Force
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Corporate and Securities Fraud Strike Force
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2429
    Facsimile: (213) 894-0241
    Email:     Nisha.Chandran@usdoj.gov

LORINDA I. LARYEA
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
THEODORE M. KNELLER (D.C. Bar No. 978680)
ADAM L.D. STEMPEL (D.C. Bar No. 1615015)
Trial Attorneys, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue, NW
    Washington, DC 20530
    Telephone: (202) 514-5799
    Facsimile: (202) 514-3708
    E-mail:   Theodore.Kneller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 25-CR-200-SVW |
|---|---|
| Plaintiff, | **STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT** |
| v. | |
| JOSEPH NEAL SANBERG, | |
| Defendant. | **CURRENT TRIAL DATE:** May 20, 2025, at 8:30 a.m. **CURRENT STATUS CONFERENCE:** April 7, 2025, at 3:00 p.m. **PROPOSED TRIAL DATE:** March 24, 2026, at 8:30 a.m. **PROPOSED STATUS CONFERENCE:** March 2, 2026, at 11:00 a.m. |

|||
|---:|---|
| 1 | Plaintiff United States of America, by and through its counsel |
| 2 | of record, the United States Attorney for the Central District of |
| 3 | California the Acting Chief of the Fraud Section of the U.S. |
| 4 | Department of Justice Criminal Division, Assistant United States |
| 5 | Attorneys Brett A. Sagel and Nisha Chandran, and U.S. Department of |
| 6 | Justice Trial Attorneys Theodore M. Kneller and Adam L.D. Stempel, |
| 7 | and defendant JOSEPH NEAL SANBERG ("defendant"), both individually |
| 8 | and by and through his counsel of record, Brian R. Michael and Marc |
| 9 | L. Mukasey, hereby stipulate as follows: |
| 10 | 1.   The Indictment in this case was filed on March 25, 2025, |
| 11 | and the case was initially assigned to the Honorable Michael W. |
| 12 | Fitzgerald.  Defendant first appeared on a complaint before a |
| 13 | judicial officer of the court in which the charges in this case were |
| 14 | pending on March 3, 2025.  The Speedy Trial Act, 18 U.S.C. § 3161, |
| 15 | originally required that the trial commence on or before June 3, |
| 16 | 2025. |
| 17 | 2.   On March 28, 2025, the Court set a trial date of May 20, |
| 18 | 2025, and a status conference date of April 7, 2025.  Later that day, |
| 19 | the case was transferred to the Honorable Stephen V. Wilson for all |
| 20 | further proceedings. |
| 21 | 3.   Defendant is released on bond pending trial.  The parties |
| 22 | estimate that the trial in this matter will last approximately three |
| 23 | to four days. |
| 24 | 4.   By this stipulation, defendant moves to continue the trial |
| 25 | date to March 24, 2026, at 8:30 a.m. and the status conference to |
| 26 | March 2, 2026, at 11:00 a.m.  This is the first request for a |
| 27 | continuance. |
| 28 | |

5.      Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

      a.      Defendant is charged with a violation of 18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud. The government will soon produce voluminous discovery to the defense, including thousands of pages of bank, financial, and business records, text messages, and law enforcement investigation reports. Additionally, this discovery includes cooperating co-defendant information and personal identifying information, and the parties require additional time to negotiate an appropriate protective order prior to the government producing such discovery.

      b.      Due to the nature of the prosecution, including the conspiracy charged in the indictment, which sets forth allegations regarding complex loan structures involving multiple investor funds that issued two loans for $55 million and $145 million, respectively, and the pledging of a significant amount of a company's stock as collateral, as well as the entering of a put option agreement, the parties agree this case is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

      c.      Counsel for defendant represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pretrial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would

deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      e.    The government does not object to the continuance and concurs with Defendants that there is good cause for it to be granted at this time.

      f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 20, 2025, to March 24, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex due to the nature of the prosecution that it is unreasonable to expect preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would

4

unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.
//
//
//

Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

    IT IS SO STIPULATED.

Dated: April 4, 2025          Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

     /s/
BRETT A. SAGEL
NISHA CHANDRAN
Assistant United States Attorneys

LORINDA I. LARYEA
Acting Chief, Fraud Section
U.S. Department of Justice

     /s/
THEODORE M. KNELLER
ADAM L.D. STEMPEL
Trial Attorneys, Fraud Section
U.S. Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am JOSEPH NEAL SANBERG's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 24, 2026, is an informed and voluntary one.

| | |
|---|---|
| /s/ Brian R. Michael | April 4, 2025 |
| BRIAN R. MICHAEL<br>MARC L. MUKASEY<br>Attorney for Defendant<br>JOSEPH NEAL SANBERG | Date |

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 24, 2026. I understand that I will be ordered to appear in Courtroom 10A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on March 2, 2026, at 11:00 a.m. for a status conference, and on March 24, 2026, at 8:30 a.m. for trial.

| | |
|---|---|
| /s/ Joseph Neal Sanberg | 4/4/2025 |
| JOSEPH NEAL SANBERG<br>Defendant | Date |