BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Email: brett.sagel@usdoj.gov
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2429
    Email:   Nisha.Chandran@usdoj.gov

LORINDA I. LARYEA
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
THEODORE M. KNELLER (D.C. Bar No. 978680)
ADAM L.D. STEMPEL (D.C. Bar No. 1615015)
Trial Attorneys, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue, NW
    Washington, DC 20530
    Telephone: (202) 514-5799
    Facsimile: (202) 514-3708
    E-mail:   Theodore.Kneller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 25-CR-200-SVW |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION AND PRIVACY ACT INFORMATION |
| v. | |
| JOSEPH NEAL SANBERG, | |
| Defendant. | |
| | PROPOSED ORDER FILED SEPARATELY |

1  Plaintiff United States of America, by and through its counsel
2  of record, the United States Attorney for the Central District of
3  California the Acting Chief of the Fraud Section of the U.S.
4  Department of Justice Criminal Division, Assistant United States
5  Attorneys Brett A. Sagel and Nisha Chandran, and U.S. Department of
6  Justice Trial Attorneys Theodore M. Kneller and Adam L.D. Stempel,
7  and defendant JOSEPH NEAL SANBERG ("defendant"), both individually
8  and by and through his counsel of record, Brian R. Michael and Marc
9  L. Mukasey (collectively the "parties"), for the reasons set forth
10 below, request that the Court enter the proposed protective order
11 (the "Protective Order") governing the use and dissemination of
12 (1) personal identifying information ("PII") of real persons
13 pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), and
14 (2) material that may contain information within the scope of the
15 Privacy Act.

Introduction and Grounds for Protective Order

17   1.   Defendant is charged with a violation of 18 U.S.C. § 1349:
18 Conspiracy to Commit Wire Fraud.  Defendant is released on bond
19 pending trial.
20   2.   A protective order is necessary because the government
21 intends to produce to the defense materials containing third
22 parties' PII.  The government believes that disclosure of this
23 information without limitation risks the privacy and security of the
24 information's legitimate owners.  Because the government has an
25 ongoing obligation to protect third parties' PII, the government
26 cannot produce to defendant an unredacted set of discovery
27 containing this information without the Court entering the
28 Protective Order.  Moreover, PII makes up a significant part of the

discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

3. An order is also necessary because the government intends to produce to the defense materials pursuant to Federal Rules of Criminal Procedure 16, 17, and 18 U.S.C. § 3500, and the government's general obligation to produce exculpatory and impeachment material in criminal cases, that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

4. The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

Definitions

5. The parties agree to the following definitions:

a. "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth,

3

Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

   b. "Confidential Information" refers to any document or information containing PII Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

   c. "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts, advisors, consultants, and vendors; and (5) paralegals, legal assistants, and other support staff and student personnel to defense counsel who are providing assistance on this case.  The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

 Terms of the Protective Order

 6. The parties jointly request the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties.  The parties agree that the following conditions in the Protective Order will serve these interests:

   a. The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The

4

government may also redact any PII contained in the production of Confidential Information.

  b. If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

  c. Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, prospective witness preparation, joint defense or common interest discussions, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case, or with such other persons as hereafter may be authorized by agreement in writing by the parties.

  d. The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information while outside the presence of the Defense Team, except that defendant may access Confidential Information outside the presence of a member of the Defense Team through a secure e-discovery database established by the Defense Team. Defendant may not in any way print, copy, transmit, or download any Confidential Information on the database.

  e. Defendant may see and review Confidential Information as permitted by this Protective Order, but other than as set forth herein, defendant may not copy, keep, maintain, or otherwise possess copies of any Confidential Information in this case at any time. Defendant also may not write down or memorialize any data or information contained in the Confidential Information, except if

5

those notes are left in the custody and control of the Defense Team and only for the purpose of aiding in the preparation of defendant's defense.

  f. The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant. A member of the Defense Team must be present virtually or in person if PII Materials are being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

  g. The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted and set forth above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

  h. To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information

subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

       i.    The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact any PII Materials and make all reasonable attempts to limit the divulging of PII Materials.

       j.    The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

       k.    Confidential Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the

Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all PII Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

     l.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials.

     m.   Defense counsel agrees to advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

n. The parties have agreed that the Protective Order does not apply to publicly available documents and documents contained in defendant's own electronic devices and accounts, and shall not limit the defendant's rights under the United States Constitution or the Federal Rules of Criminal Procedure other than as expressly set forth in the Protective Order.

o. Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

p. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

Dated: April 29, 2025          Respectfully submitted,

                               BILAL A. ESSAYLI
                               United States Attorney

                               LINDSEY GREER DOTSON
                               Assistant United States Attorney
                               Chief, Criminal Division

                                     /s/
                               BRETT A. SAGEL
                               NISHA CHANDRAN
                               Assistant United States Attorneys


                               LORINDA I. LARYEA
                               Acting Chief, Fraud Section
                               U.S. Department of Justice

                                     /s/
                               THEODORE M. KNELLER
                               ADAM L.D. STEMPEL
                               Trial Attorneys, Fraud Section
                               U.S. Department of Justice

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

```
Dated: April 29, 2025
                                    /s/ (per email auth dated XX)
                                    BRIAN R. MICHAEL
                                    MARC L. MUKASEY
                                    Attorney for Defendant
                                    JOSEPH NEAL SANBERG
```