FILED
CLERK, U.S. DISTRICT COURT

8/20/25

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MRV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOSEPH NEAL SANBERG,<br><br>　　　　Defendant. | CR No. 25-00200(A)-SVW<br><br>**FIRST SUPERSEDING INFORMATION**<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Acting United States Attorney charges:

COUNTS ONE AND TWO

[18 U.S.C. §§ 1343, 2]

A.　<u>INTRODUCTORY ALLEGATIONS</u>

　　At times relevant to this Information:

　　1.　Defendant JOSEPH NEAL SANBERG was a resident of Los Angeles and Orange, California and a co-founder and shareholder of Company A.

　　2.　Company A maintained its principal office in Los Angeles County, California. Defendant SANBERG was Company A's largest shareholder, and at various times served on Company A's board of directors.

　　3.　Employee 1 was a resident of Arizona and was an Officer of Company A.

4. Co-Schemer Ibrahim Ameen AlHusseini was a resident of Los Angeles, California. Co-Schemer AlHusseini served on the board of directors of Company A.

5. Individual 1 was a resident of Florida.

B. THE SCHEME TO DEFRAUD

6. Beginning no later than in or about January 2020, and continuing through in or about February 2025, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant SANBERG, together with others known and unknown, each aiding and abetting one another, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud lenders and investors, and to obtain money and property from those lenders and investors by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

7. The scheme operated, in substance, as follows:

   a. Defendant SANBERG, together with others known and unknown, sent and caused to be sent to prospective and current lenders and investors materially false and fraudulent representations, including about defendant SANBERG's assets; Company A's revenue, debt, available cash, and valuation; and Co-Schemer AlHusseini's assets.

   b. Defendant SANBERG made and caused to be made the materially false and fraudulent representations to prospective lenders to get the prospective lenders to provide him loans for his own benefit.

   c. At times, after the loan or investment was secured, defendant SANBERG continued to send and cause to be sent materially

false and fraudulent representations or purported dividend payments to lull the lenders and investors into a sense of security regarding the loan or investment.

   d. Defendant SANBERG also made and caused to be made the materially false and fraudulent representations regarding the financial health of Company A to prospective investors to induce the prospective investors to (i) directly invest in Company A; (ii) purchase defendant SANBERG's personally held shares of Company A; and (iii) pool investments to purchase debt of Company A.

   e. Based on the materially false and fraudulent representations regarding the financial health of defendant SANBERG, Co-Schemer AlHusseini, and Company A, prospective lenders provided defendant SANBERG loans and prospective investors invested in Company A.

  8. As a result of defendant SANBERG's scheme to defraud, between approximately January 2020 and February 2025, defendant SANBERG, together with others known and unknown, secured at least approximately $248,303,886 in loans and investments that were disbursed to Company A and defendant SANBERG based on the false and fraudulent statements, representations, and promises defendant SANBERG had sent or caused to be sent.

C. <u>USE OF THE WIRES</u>

  9. On or about the dates set forth below, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant SANBERG, and others known and unknown, each aiding and abetting one another, for the purpose of executing the above-described scheme to defraud, transmitted and caused the

transmission of the following items by means of wire communications in interstate commerce:

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION |
|---|---|---|
| ONE | 3/21/2022 | Submission of a message from defendant SANBERG's phone in the Central District of California to Employee 1 in Arizona that stated that money sent to Company A should be credited as revenue to Company A from a purported customer |
| TWO | 6/5/2024 | Submission of an electronic letter from within the Central District of California to Individual 1 in Florida that falsely stated that Company A had "a balance of cash and equivalents of at least $250,000,000" |

|   |   |
|---|---|
| 1 | FORFEITURE ALLEGATION |
| 2 | [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)] |
| 3 | 1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal |

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts One or Two of this First Superseding Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

BILAL A. ESSAYLI
Acting United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Deputy Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Chief, Major Frauds Section

ROGER A. HSIEH
Assistant United States Attorney
Deputy Chief, Major Frauds Section

NISHA CHANDRAN
JENNA G. WILLIAMS
Assistant United States Attorneys
Major Frauds and Transnational
Organized Crime Sections

LORINDA I. LARYEA
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

THEODORE M. KNELLER
ADAM L.D. STEMPEL
Trial Attorneys, Fraud Section
Criminal Division
U.S. Department of Justice