TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Major Frauds Section
ALEXANDER SU (Cal. Bar No. 297869)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719
     E-mail:    Nisha.Chandran@usdoj.gov
                Alexander.Su@usdoj.gov

LORINDA I. LARYEA
Chief, Fraud Section
Criminal Division, U.S. Department of Justice
THEODORE M. KNELLER (D.C. Bar No. 978680)
ADAM L.D. STEMPEL (D.C. Bar No. 1615015)
Trial Attorneys, Fraud Section
     1400 New York Avenue, NW
     Washington, DC 20530
     Telephone: (202) 514-5799
     E-mail:    Theodore.Kneller@usdoj.gov
                Adam.Stempel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff,  v.  JOSEPH NEAL SANBERG,  Defendant. | Case Number 2:25-CR-200-SVW  <u>APPLICATION FOR ENTRY OF MONEY JUDGMENT OF FORFEITURE AGAINST DEFENDANT JOSEPH NEAL SANBERG</u>  *[Proposed Money Judgment lodged contemporaneously]*  *[No Hearing Requested]* |
|---|---|

1    Plaintiff United States of America, by and through its counsel
2 of record, the Deputy Attorney General, the First Assistant United
3 States Attorney for the Central District of California, and Assistant
4 United States Attorney Alexander Su, hereby applies for entry of a
5 Money Judgment of Forfeiture against defendant JOSEPH NEAL SANBERG in
6 the sum of $6,650,000.00, pursuant to the Plea Agreement (Dkt. 43).
7 The proposed Money Judgment of Forfeiture is lodged contemporaneously
8 with this application.

9    This Application is based upon the attached memorandum of points
10 and authorities, the files and records in this case, and such further
11 evidence and argument as the Court may permit.

13 Dated: January 23, 2026         Respectfully submitted,

14                                 TODD BLANCHE
                                   Deputy Attorney General

                                   BILAL A. ESSAYLI
16                                 First Assistant United States Attorney

17                                 ALEXANDER B. SCHWAB
                                   Assistant United States Attorney
18                                 Acting Chief, Criminal Division

19                                 THEODORE M. KNELLER
                                   ADAM L.D. STEMPEL
20                                 Trial Attorneys, Fraud Section
                                   U.S. Department of Justice

                                   NISHA CHANDRAN
22                                 Assistant United States Attorney
                                   Major Frauds Section

                                       */s/Alexander Su*
24                                 ALEXANDER SU
                                   Assistant United States Attorney
25                                 Asset Forfeiture & Recovery Section

26                                 Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND RELEVANT FACTS**

On October 20, 2025, defendant JOSEPH NEAL SANBERG entered a plea of guilty to Counts 1 and 2 of the First Superseding Information (Dkt. 41), which charged defendant with violating 18 U.S.C. § 1343 (wire fraud). Dkt. 58; *see also* Dkt. 51.

In paragraph 3.k. of the Plea Agreement (Dkt. 43), defendant agreed to the entry of a money judgment of forfeiture in the amount of $6,650,000.00, a sum of money which defendant admitted he obtained, received, and possessed as proceeds or property traceable to proceeds of violations of 18 U.S.C. § 1343.

Additionally, the government gave defendant notice of intent to seek forfeiture, in compliance with Federal Rule of Criminal Procedure 32.2(a). With regards to Counts 1 and 2, the government gave defendant notice of intent to forfeit a sum of money equal to the total value of the property that is real or personal, constituting, or derived from, any proceeds traceable to the offenses charged, at the Forfeiture Allegation of the First Superseding Information. Dkt. 41 at 5.

Based on the Plea Agreement documents (Dkts. 43 [Attachment A], 57) and the admissions of the defendant, a money judgment of forfeiture is properly entered against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(1). Accordingly, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(B), the government requests that the Court enter the proposed Personal Money Judgment of Forfeiture and include it by reference on defendant's Judgment and Commitment order. Fed. R. Crim. P. 32.2(b)(4).

## II. ARGUMENT

### A. Entry Of A Money Judgment Of Forfeiture

When the government has given notice in an indictment or information of its intent to seek forfeiture, the court is empowered to enter a judgment of forfeiture as part of the defendant's sentence. Fed. R. Crim. P. 32.2(a); United States v. Nejad, 993 F.3d 1162, 1165 (9th Cir. 2019) (in holding that personal money judgments of forfeiture are authorized under Fed. R. Crim. P. 32(b)(1)(A), the Ninth Circuit noted "[w]e have regarded such judgments as necessary to avoid undermining Congress' objectives in enacting mandatory forfeiture sanctions"); United States v. Casey, 444 F.3d 1071, 1077 (9th Cir. 2006) ("[b]ecause we hold that the government is entitled to a money judgment in criminal forfeiture cases, even when a defendant has no assets, the district court erred by refusing to enter the requested money judgment against Casey").

Where, as here "the government seeks a personal money judgment, a court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). The court's determination regarding the amount of the personal money judgment of forfeiture "may be based on evidence already in the record, **including any written plea agreement**, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." (emphasis added).

A money judgment of forfeiture should be in the amount the defendant obtained as proceeds of the offense for which the defendant is convicted. United States v. Zorrilla-Echevarria, 671 F.3d 1, 5 (1st Cir. 2011) (money judgment of forfeiture should be "for the amount of money the defendant obtained as proceeds of the offense"

for which the defendant was convicted); Casey, *supra*, 444 F.3d at 1076 ("The [forfeiture] statute mandates that a defendant forfeit a very specific amount – the proceeds of his criminal activity"). However, "the law does not demand mathematical exactitude in calculating the proceeds subject to forfeiture. Indeed, because the purpose of forfeiture is punitive rather than restitutive, district courts are not required to conduct an investigative audit to ensure that a defendant is not deprived of a single farthing more than his criminal acts produced." United States v. Roberts, 660 F.3d 149, 166 (2d Cir. 2011) (citations and internal quotation marks omitted).

In order to show that $6,650,000.00 is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the government must prove by a preponderance of the evidence[1] that this amount of money is equivalent in total value of the property that is real or personal, constituting, or derived from, any proceeds traceable to the offenses of conviction.

Additionally, at the change of plea hearing and in the filed Plea Agreement documents (Dkts. 43 [Attachment A], 57, 58), defendant admitted to the facts supporting a finding of the $6,650,000.00, which came to rest with him. Plea Agmt. Attach. A ¶¶ 43-46; Honeycutt

---

[1] The amount of the money judgment of forfeiture must be established by a preponderance of the evidence rather than by the beyond a reasonable doubt standard applicable to a finding of defendant's guilt on criminal charges. *See, e.g.*, United States v. Pierre, 484 F.3d 75, 85 (1st Cir. 2007) (forfeiture verdict for $500,000.00 money judgment must be supported by a preponderance of the evidence); United States v. Gaskin, 364 F.3d 438, 461 (2d Cir. 2004) ("Because criminal forfeiture is viewed as part of the sentencing process, the government need prove facts supporting forfeiture only by a preponderance of the evidence") (citations omitted); United States v. Cherry, 330 F.3d 658, 668-669 (4th Cir. 2003) (amount of money judgment determined by preponderance of the evidence rather than beyond a reasonable doubt standard).

v. United States, 581 U.S. 443 (2017) (requiring forfeiture money judgments be limited to proceeds an individual receives); *see also* United States v. Thompson, 990 F.3d 680, 691 (9th Cir. 2021). Accordingly, the evidence establishes by a preponderance of the evidence that a $6,650,000.00 money judgment of forfeiture against defendant is appropriate in this case.

The [Proposed] Money Judgment of Forfeiture, lodged herewith, also contains additional provisions authorized by Federal Rule of Criminal Procedure 32.2(e). Paragraph 4 of the [Proposed] Money Judgment of Forfeiture provides that, pursuant to Federal Rule of Criminal Procedure 32.2(e), the government may, at any time, move to amend the Money Judgment of Forfeiture to substitute property having a value not to exceed the balance due thereunder, in order to satisfy the Money Judgment of Forfeiture in whole or in part. *See* Fed. R. Crim. P. 32.2(e)(1)(B) (once a money judgment of forfeiture is entered, the government may move at any time to amend the money judgment to forfeit specific property of the defendant, having up to a value of the money judgment, as a substitute asset); *see, e.g.*, United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999) (once the government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment); United States v. Baker, 227 F.3d 955, 970 (7th Cir. 2000) (same); United States v. Numisgroup Int'l Corp., 169 F. Supp. 2d 133, 135-137 (E.D.N.Y. 2001) (Fed. R. Crim. P. 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property).

Finally, paragraph 3 of the [Proposed] Money Judgement of Forfeiture provides that, as required by and pursuant to Federal Rules of Criminal Procedure 32.2(b)(4)(A) and (B), the Money Judgment of Forfeiture shall become final as to defendant at the time of defendant's sentencing in this case and shall be included in defendant's judgment.

### B. Forfeiture Pursuant To The Money Judgment Of Forfeiture Must Be Included In Defendant's Judgment & Commitment Order

At sentencing, "the preliminary forfeiture order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(4)(A). Because forfeiture is considered to be an element of sentencing and a defendant has the right to be present at sentencing (*see* Libretti v. United States, 516 U.S. 29, 38-39 (1995); Fed. R. Crim. P. 43(a)(3)), "[t]he court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." Fed. R. Crim. P. 32.2(b)(4)(B); *accord*, United States v. Gaviria, 116 F.3d 1498, 1530 (D.C. Cir. 1997) (forfeiture portion of defendant's sentence must be announced in his presence pursuant to Rule 43(a)). In addition, "[t]he court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36." Fed. R. Crim. P. 32.2(b)(4)(B).

In addition, the government recommends that the following language be used for inclusion in the defendant's Judgment and Commitment order:

> The Court has found that the amount of money set forth in the money judgment of forfeiture against the defendant, which the Court has entered, is subject to forfeiture for the violations for which the defendant has pled guilty. The money judgment

7

of forfeiture is incorporated by reference into this judgment and is final.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court enter the money judgment of forfeiture and include the forfeiture in defendant's judgment and commitment order.

Dated: January 23, 2026      Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

THEODORE M. KNELLER
ADAM L.D. STEMPEL
Trial Attorneys, Fraud Section
U.S. Department of Justice

NISHA CHANDRAN
Assistant United States Attorney
Major Frauds Section

   /s/Alexander Su
ALEXANDER SU
Assistant United States Attorney
Asset Forfeiture & Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA