TODD W. BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Acting Chief, Criminal Division
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Major Frauds
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2429
    Facsimile: (213) 894-0241
    E-mail:    Nisha.Chandran@usdoj.gov

LORINDA I. LARYEA
Chief, Fraud Section
Criminal Division, U.S. Department of Justice
THEODORE M. KNELLER (D.C. Bar No. 978680)
ADAM L.D. STEMPEL (D.C. Bar No. 1615015)
Trial Attorneys
U.S. Department of Justice
    1400 New York Avenue, NW
    Washington, DC 20530
    Telephone: (202) 514-5799
    Facsimile: (202) 514-3708
    Email: Theodore.Kneller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>JOSEPH NEAL SANBERG,<br><br>          Defendant. | No. CR 2:25-CR-200-SVW<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO REVISED PRESENTENCE REPORT<br><br>Hearing Date: April 27, 2026<br>Hearing Time: 10:00 a.m.<br>Location:     Courtroom of the Hon.<br>              Stephen V. Wilson |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Nisha Chandran, United States Department of Justice Fraud Section Chief Lorinda I. Laryea, Trial Attorneys Theodore M. Kneller and Adam L.D. Stempel, hereby

files its response to defendant Joseph Neal Sanberg's Objections to Revised Presentence Report (Dkt. 89), filed April 24, 2026.  The objection should be overruled.


 Dated: April 26, 2026                 Respectfully submitted,

                                       BILAL A. ESSAYLI
                                       First Assistant United States
                                       Attorney

                                       ALEXANDER B. SCHWAB
                                       Assistant United States Attorney
                                       Acting Chief, Criminal Division

                                       LORINDA I. LARYEA
                                       Chief, Fraud Section
                                       U.S. Department of Justice

                                           /s/
                                       ADAM L.D. STEMPEL
                                       THEODORE M. KNELLER
                                       NISHA CHANDRAN
                                       Attorneys for Plaintiff

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

## I.   INTRODUCTION

The revised Presentence Investigation Report (Dkt. 79, the "revised PSR") is correct that the Zero-Point Offender reduction under United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") § 4C1.1 does not apply because defendant caused substantial financial hardship to at least one person.  Revised PSR ¶ 58.  The revised PSR discusses multiple victims who have stated that they lost a substantial portion of their retirement savings and have had their retirements affected by the fraud scheme.  Id.  The revised PSR also noted in a footnote that the government provided other examples of substantial financial hardship, which the revised PSR omitted "for the sake of brevity."  Id. ¶ 58, n.2.

On April 24, 2026, defendant filed an objection to this finding of the revised PSR.  Dkt. 89 (the "Objection").  The Objection is wrong on both the law and the facts.

## II.   THE CASE DEFENDANT RELIES ON HAS BEEN OVERRULED

On the law, defendant relies on an overruled Ninth Circuit case, United States v. Lonich, 23 F.4th 881 (9th Cir. 2022), overruled by United States v. Lucas, 101 F.4th 1158 (9th Cir. 2024)(en banc), and a district court case whose reasoning relies on Lonich, United States v. Holmes, Case No. 5:18-cr-00258-EJD-1, 2023 WL 149108 (N.D. Cal. Jan. 10, 2023).  At the same time, defendant ignores a Ninth Circuit case that contravenes his argument that most investors in Aspiration are not his victims. United States v. Laurienti, 611 F.3d 530 (9th Cir. 2010)(holding that it was reasonable to infer that all stock purchasers were victims of the criminal conspiracy involving the stocks).

Defendant extensively cites Lonich, in particular for the

proposition that "the government at sentencing did not sufficiently prove" that the defendants caused a bank to fail to hold them accountable for all the losses. See Objection at 2-3 (quoting Lonich, 23 F.4th at 907). The Lonich Court held that the "the government ... did not sufficiently prove" that point under a "clear and convincing evidence" standard. Lonich, 23 F.4th at 907 (emphasis added). But in United States v. Lucas, 101 F.4th at 1162, the Ninth Circuit (1) adopted a blanket preponderance of the evidence standard for factual findings at sentencing, and (2) explicitly overruled the standard in Lonich. Lonich does not support defendant's argument because it holds the government to a higher evidentiary burden (clear and convincing evidence) that the Ninth Circuit has rejected, and defendant's reliance on Lonich is entirely misplaced. Oddly, defendant's Objection acknowledges in its citation of Lonich that the case was overruled, Dkt. 89 at 2, yet still faults the government for failing to address its defunct standard. Id. at 4.

Even if Lonich had not been overruled by the Ninth Circuit, the Lonich court's higher "clear and convincing" evidentiary standard would not apply in this case because Lonich only applied the higher standard where a "sentencing enhancement has an 'extremely disproportionate impact on the sentence.'" Lonich, 23 F.4th at 910 (internal citations omitted). An "extremely disproportionate impact" on the sentence may exist where "the enhanced sentence is four or more offense levels higher ... and more than double the initial sentencing range ...." Lonich, 23 F.4th at 911. In this case, determining that defendant is not eligible for the Zero-Point Offender reduction is only a two-level difference, which falls far short of the "extremely disproportionate impact" that (the now

overruled) <u>Lonich</u> required.  <u>Lonich</u>, and <u>Holmes</u>, which was predicated on <u>Lonich</u>, have no applicability here.  In <u>Holmes</u>, the disputed enhancements resulted in a 24-level increase.  <u>Holmes</u>, 2023 WL 149108, at *7.  In <u>Lonich</u>, defendants' disputed enhancements resulted in 22-level and 26-level increases.  <u>Lonich</u>, 23 F.4th at 912.

To the extent that defendant is arguing that he should not be held accountable for investor losses simply because he fraudulently inflated Aspiration's revenue and lied about its assets to keep investors' money, he is also wrong.  <u>United States v. Laurienti</u>, 611 F.3d 530 (9th Cir. 2010), is instructive.  In that case, the Ninth Circuit wrote, <u>id.</u> at 556–57:

> Defendants next argue that the government did not meet its burden of establishing that the clients who did not testify at trial were victims, because there was insufficient evidence to establish that those clients invested because of the criminal conspiracy. Defendants do not challenge that the non-testifying clients bought house stocks and suffered losses. Instead, Defendants argue that the district court could not have concluded, without more evidence, that those clients were victims of the conspiracy. We disagree. Defendants were convicted of criminal conspiracy to defraud clients specifically by recommending the house stocks; in the circumstances shown in this record, it is reasonable to infer that all clients of Defendants who purchased the house stocks were duped by the conspiracy.

In this case, defendant urged investors to increase or maintain their investments in a company whose financial statements he had rendered materially false; the investors lost their money.  <u>Laurienti</u> is a far better fit for this case than the obsolete reasoning in <u>Lonich</u>.

## III. DEFENDANT CAUSED SUBSTANTIAL FINANCIAL HARDSHIP

On the facts presented in the revised PSR, it is evident that at least one victim suffered substantial financial hardship, which is all that needs to be established by a preponderance of the evidence

for defendant to be ineligible for the U.S.S.G. § 4C1.1 reduction. Any of the victims cited in the revised PSR qualify, and their victim impact statements bear sufficient indicia of reliability such that the Court may rely on them for sentencing purposes.[1]  The Guidelines specifically enumerate "substantial loss of a retirement . . . fund" and "postponing his or her retirement plans" as bases for substantial financial hardship, see U.S.S.G. § 2B1.1, Application Note 4(F), which is what the victims state.  See, e.g., Dkt. 76-5 at 4 ("We invested ALL of the money we saved for retirement and gave to Joseph . . . .  With the loss of this investment we will have to postpone retirement.").[2]

It is worth noting that each of the four victims cited in the revised PSR put money not into Aspiration directly, but into investment partnerships run by defendant himself (the "AGO" partnerships).  These are not mere bankruptcy claimants.  Defendant was necessarily involved in their investments, and each victim maintained those investments during the period of the charged fraud. And the victims do in fact state that defendant misled them, including citing to lulling statements that the promised payoff was delayed but "will be better in the long run," Dkt. 76-4, or that Aspiration's business was healthy and growing, see Dkt. 76-3, when in fact it was fraudulently inflated by defendant's actions.

Defendant cannot cause a company's financial statements to be

---

[1] See Government's Sentencing Position, Dkt. 76 at 10 n. 2 (citing applicable Ninth Circuit case law that a district court may rely on victim impact statements for purposes of sentencing); see, e.g., United States v. Morris, 583 F. App'x 724, 726 (9th Cir. 2014); United States v. Chee, 110 F.3d 1489, 1492 (9th Cir. 1997).

[2] The fact that this victim may advocate for a non-custodial sentence does not change his substantial financial hardship for Guidelines purposes.

4

materially false and then disclaim responsibility for losses by investors who kept their money in the company while defendant was reassuring them that everything was going well.  See U.S.S.G. § 2B1.1 Application Note 3(A)(i) ("'Actual loss' means the reasonably foreseeable pecuniary harm that resulted from the offense.").  As the Ninth Circuit reasoned in Laurienti, "it is reasonable to infer that all [investors] who purchased [Aspiration stock from Sanberg] were duped" by the fraud.  Furthermore, defendant admits that he "knew [Aspiration]'s financial statements materially misstated revenue" and that he "solicited investors to purchase securities to invest in [Aspiration] by means of" his fraudulent scheme.  Plea Agreement, Dkt. 43, Factual Basis, at ¶ 40. Thus, it was reasonably foreseeable that all of Aspiration's investors would be victims in connection with defendant's criminal activity, and therefore, should be considered as part of defendant's relevant conduct.  See U.S.S.G. § 1B1.3(a)(1)(B)(iii).

**IV.   CONCLUSION**

The Court should overrule defendant's Objection to the revised PSR and adopt the Probation Office's finding that defendant has an offense level of 36 under the Guidelines.