Marc L. Mukasey (*Pro Hac Vice*)
Torrey K. Young (*Pro Hac Vice*)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, NY 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
E-Mail: MMukasey@seyfarth.com;
TKYoung@seyfarth.com

Brian R. Michael (CA SBN 240560)
MORRISON FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
E-Mail: BMichael@mofo.com

Attorneys for JOSEPH NEAL SANBERG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH NEAL SANBERG,<br><br>Defendant. | Case No. 2:25-CR-00200(a)-SVW<br><br>**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO OBJECTION TO REVISED PRESENTENCE REPORT**<br><br>Hearing Date: April 27, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom of the Hon. Stephen V. Wilson |

JOSEPH NEAL SANBERG, through Counsel and pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, hereby files this reply to Government's Response to Defendant's Objection to Revised Presentence Report, filed on April 26, 2026 (ECF No. 91) ("Response"), which was filed by the government in response to Defendant's Objections to Revised Presentence Investigation Report, filed on April 24, 2026 (ECF No. 89) ("Objection").

DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Dated: April 26, 2026    Respectfully submitted,


         /s/ Marc L. Mukasey
        MARC L. MUKASEY
        TORREY K. YOUNG
        Seyfarth Shaw LLP
        620 8th Avenue, 32nd Floor
        New York, NY 10018

        and

         /s/ Brian R. Michael
        BRIAN R. MICHAEL
        Morrison Foerster LLP
        707 Wilshire Boulevard, Suite 6000
        Los Angeles, CA 90017

        Attorneys for Defendant
        JOSEPH NEAL SANBERG

**THE GOVERNMENT MISCHARACTERIZES THE DEFENSE OBJECTION**

On the eve of sentencing, the government's Response confirms what the defense has repeatedly flagged as an unjust effort to pile responsibility on Joe Sanberg well beyond the scope of the conduct to which he has pleaded guilty. Notwithstanding the carefully crafted Factual Basis to Joe's plea agreement which sets forth in specific terms the nature and scope of the conduct to which he has pleaded guilty, the government is broadly seeking to (1) hold Joe *singularly* responsible for the collapse of Aspiration – a multi-billion-dollar company for which Joe was never an officer or controlling shareholder, and served only as one of several directors – and (2) present to the Court *every* single investor in Aspiration as Joe's victim regardless of when, how, or why they invested.[1]

The government presumes that Joe's efforts to *save* Aspiration (albeit through misguided means for which he has taken responsibility and pleaded guilty) were *ipso facto* the cause of Aspiration's bankruptcy. But just because the government says so, does not make it true. The law of this Circuit requires more: the government must offer sufficient proof to establish the scope of victims for which a guilty defendant is culpable by a preponderance of the evidence. Yet, the government has failed to do so here.

Ninth Circuit law makes clear that the government may not shoehorn every single investor into this case without proof and foist them all upon Joe as his victims.[2] The

[1] The government asserts in conclusory fashion that, because "defendant admits that he 'knew [Aspiration]'s financial statements materially misstated revenue' and that he 'solicited investors to purchase securities to invest in [Aspiration] by means of' his fraudulent scheme," it is therefore "reasonably foreseeable that *all of Aspiration's investors* would be victims in connection with defendant's criminal activity, and therefore, should be considered as part of defendant's relevant conduct." Response at 5 (emphasis added).

[2] The government misleadingly claims the defense's reliance on *United States v. Lonich*, 23 F.4th 881 (9th Cir. 2022) is misplaced because it has been overruled by *United States v. Lucas*, 101 F.4th 1158 (9th Cir. 2024) (en banc). In citing to *Lonich*, the defense explicitly noted it had been overturned by *Lucas*, which rejected the *Lonich* court's application of a clear and convincing standard of proof. Importantly, however, the *Lucas* court did *not* disavow a critical proposition of *Lonich* that remains applicable here: the

1

government asserts that the defense "ignores" contrary Ninth Circuit law regarding the argument that all investors in Aspiration are not fairly treated as victims here.  Response at 1 (citing *United States v. Laurienti*, 611 F.3d 530 (9th Cir. 2010)).  But the government misconstrues *Laurienti* in arguing that it broadly stands for the general proposition that it is "reasonable to infer that all stock purchasers were victims of the criminal conspiracy involving the stocks."  *Id*.  There, defendants were convicted at trial of participating in a fraudulent pump-and-dump securities fraud scheme involving publicly traded stocks, having engaged in conduct that is a far cry from the conduct described in Joe's Factual Basis.  But in any event, the *Laurienti* court found sufficient evidence to support the inference based on an *evidentiary record adduced at trial*.  Merely asserting, as the government has here in general terms that Joe "urged investors to increase or maintain their investments in a company whose financial statements he had rendered materially false" and that these unspecified "investors lost money" is not only beyond the scope of the Factual Basis, but also factually insufficient to prove by a preponderance that Joe is therefore responsible for the losses of every investor in Aspiration no matter when they invested, who solicited their investment, or if they *ever* even interacted with Joe.

The government also attacks the defense's reliance on *United States v. Holmes*, 2023 WL 149108, at *2-4 (N.D. Cal. Jan. 10, 2023), because *Holmes* "was predicated on *Lonich*."  Response at 3.  But the government fails to acknowledge that the *Holmes* court *declined* to follow *Lonich* with regard to the applicable burden of proof and instead applied a preponderance standard entirely consistent with the later *en banc* decision in *Lucas*.  As such, the import of *Holmes* applicable to this case remains intact today: absent

---

government bears the burden of proof to hold an individual personally responsible for the downfall of an entire company, and may not overreach or conclusorily seek to do so absent sufficient evidence.  *See also Lonich* at 918 n.7 (questioning whether government "even met the preponderance of the evidence standard").  Indeed, *Lucas* was cited *along with Lonich* by a court in this Circuit for the non-controversial proposition that the government bears the burden of proving a sentencing enhancement by a preponderance.  *See United States v. Young*, No. 23-cr-0096, 2024 WL 4466744, at *3 (D. Haw. Oct. 10, 2024).

DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

evidence that particular investors relied on or reviewed misrepresentations propagated by Joe, they may not now be attributed to him as victims as part of a pile-on campaign to improperly hold Joe singularly accountable for the failure of Aspiration.  At bottom, the government may not now hold out to the Court that every respondent who submitted a victim impact statement is therefore properly deemed a victim for purposes of sentencing Joe.

Dated: April 26, 2026                           Respectfully submitted,

                                                 /s/ Marc L. Mukasey
                                                MARC L. MUKASEY
                                                TORREY K. YOUNG
                                                Seyfarth Shaw LLP
                                                620 8th Avenue, 32nd Floor
                                                New York, NY 10018

                                                and

                                                 /s/ Brian R. Michael
                                                BRIAN R. MICHAEL
                                                Morrison Foerster LLP
                                                707 Wilshire Boulevard, Suite 6000
                                                Los Angeles, CA 90017

                                                Attorneys for Defendant
                                                JOSEPH NEAL SANBERG

DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT