UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSEPH NEAL SANBERG,<br>Defendant. | Case Number 2:25-CR-200-SVW<br><br>[PROPOSED] FINAL ORDER OF FORFEITURE AS TO AS TO ALL FUNDS, SECURITIES, OR NEGOTIABLE INSTRUMENTS, SEIZED FROM BANK OF AMERICA ACCOUNT 41-01-100-0166771 (CONSOLIDATED ASSET TRACKING SYSTEM IDENTIFICATION NUMBER 25-FBI-003501) |

1. On March 25, 2025, a grand jury charged defendant JOSEPH NEAL SANBERG ("defendant") in this case. Dkt. 20.

2. On October 20, 2025, pursuant to a plea agreement (Dkts. 43 [Attachment A], 57, 58), defendant pled guilty to the charges alleged in a First Superseding Information (Dkt. 41). Dkt. 58; *see also* Dkt. 51.

3. On February 5, 2026, the Court entered a Preliminary Order of Forfeiture as to All Funds, Securities, Or Negotiable Instruments, Seized From Bank Of America Account 41-01-100-0166771 (Consolidated Asset Identification System Number 25-FBI-003501) ("Forfeitable Property"). Dkt. 70.

4. In accordance with 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6)(C), notice of the forfeiture of the Subject Real Property was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on February 10, 2026. Dkt. 71.

5. The government provided notice to any known potential third party petitioners, including Bank of America N.A. ("BANA"), via direct correspondence.

6. In response to the government's notice, on or about May 12, 2026, BANA filed a petition. Dkt. 110.

7. In response to the government's publication notice, potential petitioner JAMI NIMEROFF, AS CHAPTER 7 TRUSTEE FOR CTN HOLDINGS, INCORPORATED ("Chapter 7 Trustee Nimeroff"), obtained a continuance of the time in which she could file a petition. Per the Court's order of April 10, 2026, the latest time by which Chapter 7 Trustee Nimeroff could file a petition was May 11, 2026. Dkt. 75. No petition filed by Chapter 7 Trustee Nimeroff has appeared on the docket.

8. The latest time by which any other third parties could file a petition was April 10, 2026. No other third parties have filed petitions in this action.

9. All of defendant's right, title, and interest to the Forfeitable Property has been previously disposed of by the Court's Preliminary Order of Forfeiture (Dkt. 70) and notices subsequently served, meaning that he can no longer contest the forfeiture. *See also* Fed. R. Crim. P. 32.2(c)(2) (defendant may not object on behalf of a third party). Accordingly, the government and BANA have now reached

resolution concerning the Forfeitable Property, meriting a Final Order of Forfeiture.

10. The Forfeitable Property shall be disposed of as follows: All right, title, and interest in the Forfeitable Property, excluding that of BANA as described below, is hereby condemned, forfeited and vested in the United States of America:

a. BANA shall liquidate the Forfeitable Property at the highest commercially reasonable price.

b. The proceeds of the liquidation of the Forfeitable Property shall first be used to pay obligations owed to BANA, which were approximately $4,024,847 as of February 20, 2026.

c. The remainder of the proceeds shall be disposed of by the United States in the manner required by law.

11. The parties' stipulation represents the entire agreement between the parties with respect to the subject matter of their agreement and may not be modified, amended or terminated except by written consent signed by all of the parties hereto.

12. The parties' stipulation may be signed in counterparts and shall be deemed to have been equally drafted by the parties hereto.

/////

13. The Court shall retain jurisdiction for the purpose of enforcing the Final Order of Forfeiture.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

DATE

THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/Alexander Su*
ALEXANDER SU
Assistant United States Attorney